## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DEBORAH LAUFER, Individually, | § § § | |
| Plaintiff, | § § | Civil Action No. 1:20-CV-00588-RP |
| v. | § § | |
| GALTESVAR OM, LLC, | § § | |
| Defendant. | § § § § § | |

## DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS

Defendant Galtesvar OM, LLC ("Defendant" or "Galtesvar") files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and Brief in Support Therof and respectfully shows the Court as follows:

## I.   <u>SUMMARY</u>

This lawsuit is part of a judicial extortion campaign by Ms. Laufer and her attorneys. She has filed numerous lawsuits around the country generally alleging that an entity operating a hotel has violated the Americans with Disabilities Act ("ADA") via an allegedly non-compliant online reservation system. In this case, she actually complains about Expedia, Hotels.com, Orbitz, Priceline and Agoda's websites, not Defendant's website.[1] There is no allegation that Defendant's facility or

---

[1] Complaint, ¶ 9.

its own website is not compliant with the ADA. After filing the lawsuit, Ms. Laufer's lawyers contacted the defendants directly and offered to settle for a $5,000 payment of costs and legal fees to Ms. Laufer's attorneys. The demand is priced so that paying legal fees to fight the lawsuit in federal court is not economically viable.

Missing from the Complaint, however, is any concrete allegation of standing by Ms. Laufer. By her own admission, the Plaintiff is a resident of Pasco County, Florida.[2] Defendant operates a Quality Inn & Suites in Carrizo Springs, Texas. Plaintiff does not allege that she has ever travelled to Carrizo Springs, has any reason to travel to Carrizo Springs, or ever intends in the future to travel to Carrizo Springs. Accordingly, she does not allege a sufficiently concrete injury to support constitutional standing.

Courts around the country have started to catch onto this scheme and have begun issuing *sua sponte* orders demanding that Ms. Laufer and her attorneys file briefs to support that she has actual standing to pursue an ADA claim against a hotel that she never had any intent to visit. For example, in the Northern District of New York, Judge Sannes issued an order dated May 7, 2020.[3] In this district, Magistrate Judge Manske issued a similar order on May 19, 2020 for the Waco Division.[4]

For the same reasons as courts have now begun to issue *sua sponte* orders to show cause why Plaintiff's many lawsuits should not be dismissed for lack of

---

[2] Complaint, ¶ 1.

[3] *See* <u>Exhibit A</u> (Northern District of New York Order dated May 7, 2020).

[4] *See* <u>Exhibit B</u> (Western District of Texas (Waco Division) Order dated May 19, 2020).

standing, Defendant in this case moves for the Court to dismiss this case pursuant to Rule 12(b)(1).

## II.   <u>FACTUAL BACKGROUND</u>

Ms. Laufer has filed numerous lawsuits around the country generally alleging that an entity operating a hotel has violated the Americans with Disabilities Act ("ADA"). In this case, Ms. Laufer alleges non-compliant online reservation system. She does not actually complain about Defendant's website; she complains that Expedia, Hotels.com, Orbitz, Priceline and Agoda's websites (the "Websites") do not "comply" with the ADA; she does not really specify what the Websites failed to allow her to do. Complaint, ¶ 9.

After filing the lawsuit, Ms. Laufer's attorney contacted the defendants and offered to settle for a $5,000 payment of costs and legal fees to him.

Ms. Laufer only alleges standing as a "tester." She claims that she went to these third-party websites and will return to the websites as her "harm." Complaint ¶¶ 17-28. Ms. Laufer is a resident of Pasco County, Florida. Complaint, ¶ 1. Defendant operates a Quality Inn & Suites in Carrizo Springs, Texas. Plaintiff does not allege that she has ever travelled to Carrizo Springs. Plaintiff does not allege that she has any reason to travel to Carrizo Springs. Plaintiff does not allege that she ever intends in the future to travel to Carrizo Springs.

In response to Ms. Laufer and her attorneys' numerous lawsuits, courts have begun issuing *sua sponte* orders regarding subject-matter jurisdiction and standing. For example, in the Northern District of New York, Judge Sannes issued an order

dated May 7, 2020, noting that "Plaintiff has 29, nearly identical, cases pending against different defendants in the Northern District of New York." *See* Exhibit A (Order dated May 7, 2020). Judge Sannes found that "[t]here appears to be a serious question as to whether Plaintiff has established standing, in this, or any of her other cases, and thus whether the Court has subject matter jurisdiction over these actions. *See, e.g., Laufer v. Laxmi & Sons, LLC*, 1:19-cv-01501 (BKS/ML) (Dkt. No. 15, at 7, May 6, 2020) ("There are no facts in the Complaint or Plaintiff's affidavit indicating that she has ever traveled to Rensselaer, New York, or anywhere in New York, or that she has any reason to travel anywhere in New York or any reason to seek lodging anywhere in New York.")." Exhibit A at 2.  Judge Sannes then ordered that "before taking any further action in this, or any other of Plaintiff's cases, the Court orders Plaintiff to submit a brief in each of the actions listed in Exhibit A, explaining why the complaint should not be dismissed for lack of subject matter jurisdiction." *Id.*

In this district, Magistrate Judge Manske issued a similar order on May 19, 2020 for the Waco Division. See Exhibit B (Order dated May 19, 2020). "U.S. District Judge Brenda K. Sannes entered an order requiring Plaintiff to submit a brief in each of the 29 New York actions explaining why the complaint should not be dismissed for lack of subject matter jurisdiction. The Court is of the opinion that a similar course of action is warranted with respect to Plaintiff's cases pending before the Waco Division." *Id.* at 2.

### III.    ARGUMENT & AUTHORITIES

Defendant moves to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1)

based on lack of Article III standing. The Court must dismiss a cause for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). A motion to dismiss for lack of Article III standing is properly considered under Rule 12(b)(1). *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011). A motion to dismiss for lack of jurisdiction under 12(b)(1) may be decided on: (1) the complaint alone; (2) the complaint supplemented by undisputed evidence in the record; or (3) the complaint supplemented by undisputed facts, plus the Court's resolution of disputed facts. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). Unlike a 12(b)(6) motion, the district court is empowered to consider matters outside the Complaint and matters of fact that may be in dispute. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction—Plaintiff—bears the burden of proving that jurisdiction exists. *Id.*

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The standing doctrine concerns who may properly bring a suit in federal court; the "irreducible constitutional minimum" of such standing contains three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). These elements are: (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that a favorable decision will redress the injury. *Croft v. Gov. of Tex.*, 562 F.3d 735,

745 (5th Cir. 2009) (citing *Lujan*, 504 U.S. at 560–61). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these three elements." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Specifically, as quoted by Magistrate Judge Manske, "[t]he injury must be actual or imminent, not conjectural or hypothetical." Exhibit B at 2 (citing *McCall v. Dretke*, 390 F.3d 358, 361 (5th Cir. 2004)).

Echoing both Judge Sannes and Magistrate Judge Manske's Orders, nothing in the complaint alleges any past, current or future connection with traveling through or to Carrizo Springs, such that she might actually need an ADA compliant room at Defendant's Quality Inn & Suites. "Plaintiff seems to rely on her seemingly self-conferred status as a 'tester' as a means of claiming standing." Exhibit B at 2. While some courts in the Western District have found "tester" plaintiffs can have standing in the ADA context, *see, e.g. Betancourt v. Ingram Park Mall, L.P.*, 735 F. Supp. 2d 587 (W.D. Tex. 2010), most courts evaluate whether future injury is probable by determining whether the plaintiff is likely to return to the defendant's business. *Deutsch v. Abijaoude*, No. A-15-CV-975 LY, 2017 WL 913813, at *2 (W.D. Tex. Mar. 7, 2017); *see also* Exhibit B at 3. When analyzing a plaintiff's likelihood of return, courts usually consider:

(1)    the proximity of the defendant's business to the plaintiff's residence;[5]
(2)    the plaintiff's past patronage of the defendant's business;
(3)    the definiteness of the plaintiff's plans to return; and
(4)    the plaintiff's frequency of travel near the defendant.

---

[5] Defendant asks the court to take judicial notice that Pasco County, Florida and Carrizo Springs, Texas are approximately 1,267 miles apart.

*Id.* at *2-3; *see also* <u>Exhibit B</u> at 3. Plaintiff has alleged no facts to support any of these factors. And establishing these factors is the Plaintiff's burden. *Ramming*, 281 F.3d at 161. Accordingly, Defendant moves to dismiss this lawsuit for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) because Plaintiff has failed to demonstrate her Article III standing.

## **CONCLUSION & PRAYER**

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Dismiss and dismiss Plaintiff's Complaint. Defendant also requests all further relief in law or in equity to which they may show themselves to be justly entitled including a reasonable award of attorneys' fees and costs.

July 13, 2020

Respectfully submitted,

*/s/ Edward J. Dennis*
Edward J. Dennis
State Bar No. 24045776
jdennis@lynnllp.com
LYNN PINKER COX & HURST, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

***ATTORNEY FOR GALTESVAR OM, LLC***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document was served *via ECF* on all counsel of record this 13th day of July, 2020.

Philip Michael Cullen, III
FL State Bar No. 167853
cullenIII@aol.com
621 South Federal Highway, Suite Four
Fort Lauderdale, FL 33301
T:     954-462-0600
F:     954-462-1717

*/s/ Edward Jason Dennis*
Edward Jason Dennis