IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| DEBORAH LAUFER, Individually, | § § § | |
|---|---|---|
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:20-CV-00588-RP |
| GALTESVAR OM, LLC, | § § § | |
| Defendant. | § | |

### DEFENDANT'S MOTION FOR JURISDICTIONAL AND VENUE DISCOVERY AND TO STAY BRIEFING ON DEFENDANT'S MOTION TO DISMISS PENDING THAT DISCOVERY

Defendant Galtesvar OM, LLC ("the Hotel" or "Plaintiff") files this Motion for Jurisdictional and Venue Discovery ("the Motion") pursuant to Rule 26(d)(1) of the FEDERAL RULES OF CIVIL PROCEDURE. Plaintiff asks this Court to (1) permit limited jurisdictional discovery, and (2) stay the briefing schedule on Defendant's motion to dismiss pending that discovery, in particular the Reply Brief of Defendant.

Plaintiff has not yet indicated whether she opposes this Motion.

### BACKGROUND

This case was filed on June 4, 2020. ECF No. 1 (the "Complaint"). Plaintiff brings claims pursuant to the Americans with Disabilities Act. She has filed numerous such lawsuits around the country generally alleging that an entity operating a hotel has violated the Americans with Disabilities Act ("ADA") via an allegedly non-compliant online reservation system. In this case, she complains about

Expedia, Hotels.com, Orbitz, Priceline and Agoda's websites, not Defendant's website. There is no allegation that Defendant's facility or its own website is not compliant with the ADA. *See generally* Complaint.

Defendant moved to dismiss this case for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 6. Plaintiff's response relies on an affidavit from her attached to that response and has relied on the bare assertion that she intends to travel from Florida to Texas after the pandemic ends. ECF No. 7 at 2-3.

## **LEGAL STANDARD**

"[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). A district court has broad discretion to order jurisdictional or venue discovery. *See Valtech Sols., Inc. v. Davenport*, 3:15-CV-3361-D, 2016 WL 2958927, at *2 (N.D. Tex. May 23, 2016) (internal citations omitted) (Fitzwater, J.) (permitting limited jurisdictional discovery). The Court may even do so before the parties' Rule 26(f) conference. FED. R. CIV. P. 26(d)(1); advisory committee notes to the 1993 amendment to FED. R. CIV. P. 26 subsection (d) ("[Discovery before the 26(f) conference] will be appropriate in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction.").

In order to obtain jurisdictional discovery, the movant must: (1) make a preliminary showing of jurisdiction, (2) identify the requested discovery, (3) the facts that movant expects to develop through discovery, and (4) how those facts will support personal jurisdiction. *Valtech*, 2016 WL 2958927, at *2.

# ARGUMENT

### A. Jurisdictional Discovery.

*i. Plaintiff has made a preliminary showing of jurisdiction.*

A plaintiff successfully makes a preliminary showing of personal jurisdiction when it "present[s] . . . factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between the party and the forum state'[, in such cases] the plaintiffs' right to conduct jurisdictional discovery should be sustained." *Valtech*, 2016 WL 2958927, at *2 (quoting *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)). As pointed out in the Motion to Dismiss, when analyzing a plaintiff's likelihood of return to a facility, courts usually consider:

(1) the proximity of the defendant's business to the plaintiff's residence;
(2) the plaintiff's past patronage of the defendant's business;
(3) the definiteness of the plaintiff's plans to return; and
(4) the plaintiff's frequency of travel near the defendant.

*Deutsch v. Abijaoude*, No. A-15-CV-975 LY, 2017 WL 913813, at *2-3 (W.D. Tex. Mar. 7, 2017). Plaintiff has filed numerous lawsuits all over the country making the same claims, but for the first time it appears that she is now claiming that in addition to being a "tester" she had intent to travel to Texas. In paragraph 5 of her affidavit, she now claims for the first time that she intends to travel to Texas. To Defendant's knowledge, she has not alleged to have traveled or actually planned to travel to any of the numerous hotels around the country that she has sued. Accordingly, Defendant seeks discovery regarding whether she has actually traveled to any of the numerous hotels around the country that she has sued and the details of her alleged planning

of a trip to Texas.

Here, Defendant submits that it has made the requisite showing to support he need for jurisdictional discovery.

      *ii.     Discovery will help resolve the pending motion to dismiss.*

Defendant requests limited discovery on jurisdiction because Plaintiff's Response raises these fact issues. Specifically, Defendant requests jurisdictional discovery into the following four issues: (a) all of the hotels that she has sued, lawsuits filed, and attorneys employed, (b) any travel to any of those hotels and/or any travel outside of Florida, (c) any and all contacts with Texas, and (d) her affidavit and any alleged bases for standing in that affidavit or the Complaint. To that end, Plaintiff proposes: **ten (10) interrogatories**, **ten (10) requests for production**, and **one (1) remote deposition**.

Through this discovery, Defendant anticipates discovering information showing that Ms. Laufer has no connection to Texas and has not traveled to the hotels that she has sued or any credible evidence that she intended in the past or ever intended in the future to travel to Carrizo Springs, Texas.

This discovery will clarify whether this Court has subject-matter jurisdiction and Plaintiff has standing to pursue this claim.

**B. Motion to Stay Briefing.**

In order for Defendant to fully reply to Plaintiff's Response to the motion to dismiss, it should be allowed to cite the jurisdictional facts learned through discovery. Thus, the Court should stay the briefing schedule pending jurisdictional discovery

and permit Defendant to file a Reply Brief after the completion of jurisdictional discovery.

Currently, Defendant's Reply to the Motion to Dismiss is due July 29, 2020. Defendant proposes that the Court permit sixty (60) days to take discovery and that Defendant's reply brief should be due no later than fifteen (15) days from the completion of jurisdictional discovery.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests leave to conduct limited, jurisdictional and venue-related discovery.

Dated: July 29, 2020

Respectfully submitted,

*/s/ Edward J. Dennis*
Edward J. Dennis
State Bar No. 24045776
jdennis@lynnllp.com
LYNN PINKER HURST & SCHWEGMANN, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

***ATTORNEY FOR GALTESVAR OM, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served *via ECF* on all counsel of record this 29th day of July, 2020.

| | |
|---|---|
| Philip Michael Cullen, III | Thomas B. Bacon |
| FL State Bar No. 167853 | FL State Bar No. 139262 |
| cullenIII@aol.com | tbb@thomasbaconlaw.com |
| 621 South Federal Highway, Suite Four | 644 N. McDonald Street |
| Fort Lauderdale, FL 33301 | Mt. Dora, FL 32757 |
| T: 954-462-0600 | T: 954-478-7811 |
| F: 954-462-1717 | |

*/s/ Edward Jason Dennis*
Edward Jason Dennis

## CERTIFICATE OF CONFERENCE

I hereby certify that I contacted counsel for Plaintiff via email on July 29, 2020 and asked whether counsel would agree to jurisdictional or venue discovery. Counsel for Plaintiff has not yet indicated whether or not the request is opposed.

*/s/ Edward Jason Dennis*
Edward Jason Dennis