UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **DEBORAH LAUFER,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Case No: 1:20-cv-588-RP |
| | § | |
| **GALTESVAR OM, LLC.,** | § | |
| | § | |
| *Defendant,* | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S AMENDED MOTION FOR JURISDICTIONAL AND VENUE DISCOVERY AND TO STAY BRIEFING**

Plaintiff, Deborah Laufer, respectfully submits that the Defendant's Amended Motion for Jurisdictional and Venue Discovery and to Stay Briefing on Defendant's Motion to Dismiss Pending That Discovery [D.E. 9](the "Motion") says nothing warranting the relief sought nor any relief whatsoever. If, as would appear to be the case, the Defendant is interested in conducting at least some discovery sooner rather than later, all it needs do is schedule a Rule 26 conference forthwith – something to which the Plaintiff is amenable – after which the Defendant would be free to conduct whatever discovery it wishes without Judicial intervention.

**I. SUMMARY CASE STATEMENT.**

This was an action brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") in which the Plaintiff requested the Defendant be ordered to bring its web presence into compliance with the requirements of 28 C.F.R. Section 36.302(e)(1). That section, which is cited in full, in the complaint [D.E. 1, ¶8 ], imposes standards for reservation systems maintained or utilized by places of lodging such as the Defendant's motel. Essentially, a reservation system "with respect to reservations made by any means, including by telephone, in-person, or through a third party"must allow the disabled to access the system as the

1

able bodied are able to do. In addition, and among other things, the system must provide sufficient information to allow a disabled individual to determine whether or not a particular establishment meets their individual needs, 28 CFR 36.302(a)(1)(ii).

The Defendant's initial response to the Complaint was a Motion to Dismiss [D.E. 6]. Stripped of the name calling, the Defendant claimed that the Court lacked subject matter jurisdiction because the Plaintiff had no connection with the Defendant's physical property. In her response [D.E. 7], filed July 27, 2020, the Plaintiff explained at considerable length the reasons why A.D.A. actions based on 28 C.F.R. 36.302(a) did not require a physical nexus and cited extensive authority for the proposition that the canons of statutory construction prohibit the imposition of the kind of nexus requirement the Defendant now asks this Court to impose. Where, as here, the law imposes a requirement to provide accurate information, a failure to do so – standing alone – is sufficient to confer jurisdiction even if the injured party never intends to avail himself or herself of the Defendant's physical facility, *see, e.g.*, *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982).

Apparently finding it incredible that anyone would ever want to travel to Texas [D.E. 9, p. 2,3, &4], the Defendant now seeks to conduct discovery concerning the Plaintiff's statement that she intends to do exactly that [D.E. 9, p.3]. The Defendant wants to serve ten interrogatories, ten production requests, and take one deposition to inquire into:

> [A]ll of the hotels that [Plaintiff] she has sued, lawsuits filed, and attorneys employed, (b) any travel to any of those hotels and/or any travel outside of Florida, (c) any and all contacts with Texas, and (d) her affidavit and any alleged bases for standing in that affidavit or the Complaint.

[D.E. 9, p. 3].

Other than "c," just what any of the foregoing have to do with the Plaintiff's

2

intention to travel to Texas is never explained.

On the very date the Defendant filed its Amended Motion, the time allowed for filing a reply under Local Rule CV-7.f.2, passed.

## II. ARGUMENT.

### A. *The Defendant Eschews Self Help.*

A party is free to commence discovery any time after the conference required by Rule 26(f), *Fed.R.Civ.P.*, has occurred. As applied here, and assuming that the Defendant were actually interested in conducting discovery sooner rather than later, all that was necessary was for the Defendant to proceed with the conference. The Defendant never so much as attempted to avail itself of that option. The Plaintiff hereby offers to participate in a discovery conference forthwith. That accomplished, the Defendant will be free to seek whatever discovery it believes appropriate. Thus, even were one to assume that there was any necessity for the Defendant to file its current motion, that motion has now become moot.

### B. *Jurisdictional Dismissals Are "Exceptional."*
                     - *Bell v. Hood*, 327 U.S. 678 (1946).

Without repeating the entire argument, Where issues of fact are central to both subject matter jurisdiction and a claim on the merits, a district court must assume jurisdiction and proceed to the merits. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149-50 (5th Cir. 2004). "In circumstances where 'the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case under either Rule 12(b)(6) or Rule 56." *Id*., quoting *Williamson v. Tucker*, 645

3

F.2d 404, 415 (5th Cir. 1981).

Here, the Defendant is challenging whether or not Plaintiff suffered an injury and whether or not she intends to return. These issues are inextricably intertwined with the merits of her claims under 42 U.S.C. Section 12182 and right to injunctive relief pursuant to 42 U.S.C. Section 12188. The Defendant affirmatively represents that the "plaintiff has made a preliminary showing of jurisdiction" [D.E.9, p. 3].Given the intertwined nature of the claims, there is simply no point allowing what the Defendant labels "jurisdictional" discovery when, given the "preliminary showing" the Plaintiff has admittedly made, the ultimate resolution of any such claim must await a decision on the merits.

### *C. Subject Matter Jurisdiction and Personal Jurisdiction Are Not the Same Thing.*

Where appropriate, jurisdictional discovery is permissible only in limited circumstances. *Valtech Sols., Inc. v. Davenport*, 3:15-CV-3361-D, 2016 WL 2958927, at *2 (N.D. Tex. May 23, 2016), the case on which the Defendant most heavily relies, did not involve a challenge to the *subject matter jurisdiction* of the Court but a challenge to *personal jurisdiction* by residents of India. In *Valtech*, it was the plaintiff – not a defendant – who sought to take limited discovery aimed at establishing personal jurisdiction over those defendants in India. The fact that the Court allowed the *plaintiff* to conduct limited discovery concerning *personal jurisdiction* provides no support for the assertion that a *Defendant* should be allowed to conduct discovery concerning subject matter jurisdiction other than in accordance with the Rules of Civil Procedure.

### *D. Fair is Fair.*

Were the Defendant permitted to conduct discovery without awaiting a Rule 26 the net effect would be to allow the Defendant to proceed with discovery while the Plaintiff was required to sit by and do nothing pending the Defendant's decision to schedule a Rule 26 conference. Prejudicing one party in the manner in which the Defendant requests has nothing to recommend it.

Under Rule 26(b)(1), *Fed.R.Civ.P*., limits discovery to matters which are "relevant" and "proportional to the needs of this case." Here, the Defendant demands to be able to conduct discovery concerning, among other things, "all of the hotels" the Plaintiff has ever sued, lawsuits filed, and attorney's employed," and "any travel outside of Florida" [D.E. 9, p. 4]. Seeking to conduct discovery with no regard for the requirements of Rule 26, smacks of abusive litigation.

**III. CONCLUSION.**

The Defendant has a plain and simple means to proceed to conduct discovery. It needs only schedule a Rule 26 conference. There is simply no need for Judicial intervention. Jurisdiction over the person and subject matter jurisdiction are not the same thing. Cases concerning the former afford no basis for allowing the relief the Defendant seeks here. The Defendant's request for one sided discovery has nothing to recommend it.

The Defendant's Amended Motion should be denied.

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via the Court's electronic filing system upon all parties of record, on August 7, 2020.

                */s/Philip Michael Cullen, III*
                **PHILIP MICHAEL CULLEN, III**
                Attorney-at-Law – Chartered
                621 South Federal Highway, Suite Four
                Fort Lauderdale, FL 33301
                ph. (954) 462-0600
                fax (954) 462-1717
                CULLENIII@aol.com